**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MILTON TROTTER**                                                                 **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 3:17CV719 CWR-LRA**

**PELICIA E. HALL, et. al**                                            **RESPONDENTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Respondents' Motion to Dismiss Petitioner Milton Trotter's Third Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The first petition was dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d) in 2006. *Trotter v. Mississippi* (*Trotter I*), No. 4:05CV163-LS, 2006 WL 1581348 (S.D. Miss. Apr. 5, 2006). The second petition was ruled partially successive by the Fifth Circuit, *In re Trotter* (*Trotter II*), 544 F. App'x 392 (5th Cir. 2013), and dismissed on remand for failure to exhaust the non-successive claim in 2013. *Trotter v. Epps, et al.* (*Trotter III*), No. 4-12-CV-00061, HTW-LRA (S.D. Miss. Apr. 12, 2012). Trotter, having now fully exhausted his claims on state post-conviction review, *Trotter v. State* (*Trotter IV*), 212 So.3d 829 (Miss. Ct. App. 2014), *cert. granted,* 178 So.3d 333 (Miss. 2015), *aff'd en banc*, No. 2013-CT-00547-SCT (Miss. Sept. 15, 2016), files the instant petition (*Trotter V*) challenging his continued incarceration by the State of Mississippi.

The facts and procedural history are outlined in detail in the above referenced decisions and will not be repeated in depth here. In 1981, Trotter was sentenced to two

terms of life imprisonment. The United States District Court for the Southern District of Mississippi imposed the first sentence pursuant to a guilty plea on a federal kidnapping charge. The second sentence was imposed by the Circuit Court of Lauderdale County, Mississippi, pursuant to a guilty plea of murder arising from the same instance as the kidnapping. The circuit court's sentencing order provided that Trotter would be allowed to serve his state life sentence concurrently with his federal sentence in the federal penitentiary.[1]

In May 2011, Trotter was paroled from his federal sentence after serving 30 years in federal custody. Upon his release however, he was transferred to state custody after having been denied state parole a month earlier. Aggrieved, Thomas filed collateral review applications in state and federal court asserting, *inter alia*, that his 1981 plea agreement was breached by the Mississippi Parole Board's refusal to grant him parole when the federal authorities granted parole on his concurrent federal life sentence for kidnapping. Specifically, he claimed that by entering a guilty plea, "he traded an opportunity to defend against the murder charge, to require a grand jury to indict him in exchange for the promise by the State of Mississippi that when he served his life sentence in the federal system he would be paroled." According to Trotter, the Mississippi Parole Board had a duty, "created by his agreement to waive indictment and plead guilty in state court" to grant parole. The failure to do so was a breach of his plea agreement rendering

---

[1] *Trotter V*, ECF No. 14-18, p. 13.

his plea involuntary, and his "continued incarceration by the State of Mississippi requires him to challenge his plea to murder."[2]

The Mississippi Court of Appeals rejected Trotter's claim on post-conviction review, explaining as follows:

> Though Trotter pushes a "breach of plea agreement" claim, we find he is reading into both his state plea agreement and sentencing order a term that simply does not exist. What Trotter is trying to do is stretch the circuit judge's courtesy of allowing him to serve his concurrent state sentence in a federal correctional institution into some sort of "promise" that he "must" immediately be granted state parole if he is ever paroled in the federal system.
>
> Trotter pled guilty to a federal kidnapping charge in the Southern District of Mississippi and received a life sentence. And on October 19, 1981, he waived indictment and pled guilty to murder in the Lauderdale County Circuit Court. Trotter's sentencing order for his state murder conviction shows he was "sentenced to a term of life in the Mississippi State Penitentiary at Parchman, Mississippi." This sentence was "to run concurrent[ly] with the life sentence of the United States Federal Court." The order also stated that Trotter "[is] allowed to serve said sentence in the [f]ederal [p]enitentiary."
>
> It is clear Trotter pled guilty to two different crimes, in two distinct jurisdictions, and received two separate concurrent life sentences. But there is absolutely nothing in his plea agreement, the sentencing order, or any other part of Trotter's record submissions that shows he was promised parole on his Mississippi sentence if granted parole in the federal system. What is more, Mississippi's parole mechanism is permissive, not mandatory, so the judge could not have bound the Parole Board. Instead, our review shows Trotter got just the sentence he bargained for in his murder case—a concurrent life sentence.

---

[2] *Trotter V*, ECF Nos. 4-10, 4-13.

3

*Trotter IV*, 212 So.3d at 832. The decision was affirmed by an equally divided Mississippi Supreme Court on September 15, 2016. Trotter now brings the instant petition and raises the same grounds considered and rejected on post-conviction review.[3]

In Ground One, he contends that his constitutional rights were violated by the State of Mississippi's failure to honor his plea agreement that when he was "paroled from his federal life sentence for kidnaping, he would have served all his state life sentence and thus be entitled to parole." According to Trotter, "[s]uch development makes the waiver of rights to trial, due process of law, assistance of counsel and proof beyond a reasonable doubt subject to challenge as violating his United States constitutional rights to fundamental fairness, trial by jury, proof beyond a reasonable doubt and process of law."[4]

In Ground Two, Trotter asserts that he is entitled to habeas relief because he is actually innocent of the underlying murder conviction. In every petition for relief, he has consistently maintained that he was asleep while the murder was being committed.[5]

In Ground Three, Trotter raises various claims challenging the state habeas proceedings, specifically: (1) the state courts' refusal to conduct an evidentiary hearing

---

[3] Although records indicate the Mississippi Parole Board previously denied parole in 2006, Trotter only challenges the parole denials that occurred after he was paroled from federal custody in 2011. In his request for authorization to file a second petition in 2012, Trotter asserted that his habeas claim "was only ripe once he finished actually serving the federal life sentence and was paroled but the State Parole Board refused to parole him from serving the Mississippi life sentence of which he had already served 30 years." Motion for Authorization to File a Successive Application, at 14-15, *Trotter II*, No. 12-60974.

[4] *Trotter V*, ECF No. 1.

[5] *Id.*

4

on his breached plea agreement and involuntary guilty plea claims; (2) the state appellate court's ruling that his actual innocence claim was procedurally barred; (3) the state appellate court's refusal to order an evidentiary hearing on his breached plea agreement claim; and, (4) the state appellate court's refusal to vacate his conviction and order a new trial.[6]

Respondents argue that to the extent Trotter challenges his guilty plea and conviction or alleges actual innocence, his claims are successive and should be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b).  In the alternative, Respondent argues that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d), or for failure to state a claim upon which relief may be granted.

As a preliminary matter, Trotter has made no showing that he has received authorization from the Fifth Circuit to file a third application for writ of habeas corpus. Pursuant to 28 U.S.C. § 2244(b)(3), before a successive application may be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See Burton v. Stewart*, 549 U.S. 147, 156 (2007).  Until Trotter obtains leave to file a successive petition, this court lacks jurisdiction to consider his claims or the affirmative defenses raised in response thereto.  *See Robinson v. Johnson*, 313 F.3d 128, 140 (3rd Cir.  2002) ("It would circumvent the intent of the gatekeeping function of § 2244 for a district court to proceed to rule on the merits of a second or successive petition or on any affirmative defense

---

[6] *Id.*

before the court of appeals has made a decision whether to let the petition for habeas corpus proceed in the district court."). The undersigned therefore recommends that this petition be dismissed without prejudice, for lack of jurisdiction, or transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether this successive petition should be allowed. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

In the alternative, the undersigned notes that Trotter is attempting to bring, as he did in 2012, what some courts have referred to as a "new breed of mixed petition," containing both successive and non-successive claims. *Pennington v. Norris*, 257 F.3d 857, 858–59 (8th Cir. 2001) (addressing a second-in-time petition containing both a non-successive parole denial claim and successive claims challenging the underlying conviction) (internal quotation marks omitted). Courts uniformly recognize that a district court lacks jurisdiction to decide successive claims in mixed petitions. And, as further discussed herein, the actual innocence and breach-of-plea-agreement claims raised in Grounds One and Two were deemed impermissibly successive by the Fifth Circuit in 2013. The undersigned therefore recommends one of two alternatives: The Court can adopt the position of some courts by giving petitioner the option of withdrawing the successive claims. If Petitioner chooses to delete these successive claims, the Court may proceed to adjudicate the non-successive claims.[7] In the alternative, the Court can adopt

---

[7] Courts approach the new breed of mixed petitions in varying ways. *See Pennington*, 257 F.3d at 858–59 (giving petitioner the option of deleting successive claims, or seeking authorization from the court of appeals). *But see Spitznas v. Boone,* 464 F.3d 1213, 1217 (10th Cir. 2006) (directing district courts to address merits of non-successive claims and to transfer to court of appeals

6

the approach of courts in this district by issuing an order severing and transferring the successive claims to the Fifth Circuit, allowing the case to go forward on the non-successive claims.[8]

The Fifth Circuit's decision concerning Trotter's second habeas corpus petition is instructive in making this determination. In 2013, the Fifth Circuit dismissed the actual innocence claim raised in Trotter's second petition as successive because it was raised and addressed in his first habeas petition in 2005. *Trotter II*, 544 F. App'x at 393. In addition, the Court held that Trotter's "challenge to the denial of parole and to the defects in the parole proceedings" was not successive because it was not available at the time he filed his first petition, and did not constitute a challenge to the underlying murder conviction. However, the Court ruled that to the extent Trotter is "asserting that the denial of parole constituted a breach of his plea agreement . . . [he] has not made a prima facie showing under § 2244(b)(2) (B)(ii) that he is entitled to file a successive application raising this challenge." *Id.*; *See In re Cathey*, 857 F.3d 221, 226 (5th Cir. 2017)

---

successive claims for authorization). However, the Fifth Circuit has yet to issue a directive for addressing the new breed of mixed petitions. *See U.S. v. Jackson*, No. 3:04-CV-1981-P, 2005 WL 3445585, at * 3 (Dec. 15, 2005) (observing same, but concluding that severing and transferring successive claim to the Fifth Circuit "is more efficient and best preserves judicial resources"); *Middleton v. Cain,* No. 12-0614, 2007 WL 2081003, at *3 (W.D. La., July 19, 2007) ("The *Epps* opinion does not contain a directive to the district courts to transfer successive habeas corpus petitions to it, although utilization of this procedure may be appropriate in some cases."). *See also Trotter II*, 544 F. App'x at 393 (affirming in part, and reversing in part the district's court order transferring the second petition for a determination of whether this successive petition should be allowed).

[8] *See Nelson v. Lee*, No. 2:16-CV-105-KS-RHW (E.D. Miss. Apr. 5, 2017); *Barnett v. Graves, et. al.,* No. 5:14-CV-43-KS-MTP (W.D. Miss. Jun. 5, 2014).

(explaining that a prima facie showing is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court").  Accordingly, the Fifth Circuit dismissed and denied, in part, Trotter's Motion for Authorization to File a Successive Petition and remanded the only non-successive claim challenging the denial of parole and defects in the parole proceedings.[9]

Respondents submit that to the extent Trotter now seeks to raise his previously unexhausted claim challenging the denial of parole in the instant petition, it should be dismissed for failure to state a claim upon which federal relief should be granted.[10]  They note that the procedural guarantees of the Due Process Clause are implicated only when a state has a system of mandatory parole, and because parole is discretionary in Mississippi, "prisoners in the state have no liberty interest in parole." *Wansley v. Mississippi Dept. of Corrections,* 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted).

Trotter concedes that the denial of parole eligibility is not subject to federal review, but he maintains that it is inappropriate to characterize his "challenge to his continued imprisonment as a claim of a right to parole."  He argues that his actual challenge is to the State of Mississippi's failure to honor his plea agreement by not

---

[9] In the same order, the Fifth Circuit affirmed in part, and reversed in part the district's court order transferring the second petition.  *Trotter II*, 544 F. App'x at 393.

[10] *See Strickland v. Thaler,* 701 F.3d 171, 176 (5th Cir. 2012) (observing there is no Fifth Circuit precedent for "holding a claim previously dismissed without prejudice for failure to meet the exhaustion requirement is a 'second or successive' petition under 28 U.S.C. § 2244(b)(2) if refiled after exhaustion") (citing *In re Gasery,* 116 F.3d 1051, 1052 (5th Cir. 1997) (holding that a petition that was refiled after it was dismissed for failure to exhaust state remedies was not a "second or successive" petition)).

8

paroling him when he was paroled from his federal sentence.  *Trotter IV*, 212 So.3d at 831 (agreeing that Trotter was not making denial of parole eligibility claim).  He maintains that parole will simply restore his liberty; and, as relief, he requests that his murder conviction and sentence be vacated and a new trial ordered, or an evidentiary hearing be conducted to determine what type of relief he is entitled to receive.  He specifically requests this Court order his conditional release until he can be tried on the murder charge.

However construed, Trotter's claims in Grounds One and Two are subject to dismissal.  If the parole claim is construed as challenging the denial of parole, it fails to state a cognizable claim for federal relief as Respondents argue.  *Wansley,* 769 F.3d at 312.  If the claim is construed as challenging the breach of plea agreement as Trotter avers, it should be dismissed for lack of jurisdiction as it was expressly rejected by the Fifth Circuit for failing to make the requisite prima facie showing for filing a successive application in *Trotter II*, 544 F. App'x 392.  The actual innocence claim is similarly foreclosed by the Fifth Circuit's decision.

Trotter's challenges to the state courts' rulings on post-conviction review in Ground Three are also subject to dismissal.  As noted *supra*, Trotter objects to the (1) the state courts' refusal to conduct an evidentiary hearing on his breached plea agreement and involuntary guilty plea claims; (2) the state appellate court's ruling that his actual innocence claim was procedurally barred; (3) the state appellate court's refusal to order an evidentiary hearing on his breached plea agreement claim; and, (4) the state appellate court's refusal to vacate his conviction and order a new trial

9

These claims are not successive as they were not available to Petitioner in his earlier petitions. However, it is well-established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court . . . because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson,* 256 F.3d 317, 319–20 (5th Cir. 2001) (citations omitted); *see also, Allen v. Nelms,* 174 F. App'x. 823, 824 (5th Cir. 2006) (*per curiam*) ("challenge to ... state habeas proceeding ... fails to raise a constitutional question cognizable in federal habeas corpus proceedings.") (citation omitted). As such, Trotter does not present a cognizable claim for habeas relief in ground three. Because the undersigned so finds, Respondents' argument in the alternative that the petition is untimely need not be addressed.

Lastly, in response to the undersigned's order directing Respondents to file a Reply to Trotter's arguments in opposition, Respondents report that Trotter was recently granted a "Certificate of Medical Release," and released from custody on May 25, 2018. Pursuant to Miss. Code Ann. § 47-7-4, an offender shall not be placed on conditional medical release "unless the medical director of the department certifies to the commissioner that (a) the offender is suffering from a significant permanent physical medical condition with no possibility of recovery; (b) that his or her further incarceration will serve no rehabilitative purposes; and (c) that the state would incur unreasonable expenses as a result of his or her continued incarceration."[11] Respondents advise that the

---

[11] Miss. Code Ann. § 47-7-4, provides further in relevant part:

10

Mississippi Parole Board will reconsider parole in either December 2018, or January, 2019. However, because Trotter's conditional release may render his request for parole moot, he is hereby directed to notify the Court, within 14 days of this Report and Recommendation, whether he intends to proceed with the instant petition, or withdraw it entirely.[12]

Should Trotter elect to proceed, the undersigned recommends that the instant petition be dismissed in its entirety, without prejudice, for lack of jurisdiction as an unauthorized successive petition, or transferred to the Fifth Circuit Court of Appeals for a determination of whether this successive petition should be allowed.

Alternatively, the undersigned recommends that the successive claims be severed and transferred to the Fifth Circuit Court of Appeals, and the non-successive claims be dismissed for failure to state a claim upon which relief may granted.

Alternatively, should Trotter notify the Court, within 14 days of the Report and Recommendation that he intends to forego his actual innocence and breach-of-plea agreement claims, the undersigned recommends that the non-successive claims be dismissed for failure to state a claim upon which relief may be granted.

---

An offender's conditional medical release may be revoked and the offender returned and placed in actual custody of the department if the offender violates an order or condition of his or her conditional medical release.

[12] *Trotter V*, ECF Nos. 9-1 – 9-2.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on August 17, 2018.

               s/ Linda R. Anderson
               UNITED STATES MAGISTRATE JUDGE